UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHERYL BROMBOLICH, | ) |
| Plaintiff, | ) ) ) |
| v | ) No. 3:16-cv-490 |
| CITY OF COLLINSVILLE, SCOTT WILLIAMS, in his Individual and Official Capacity, and MICHAEL TOGNARELLI, in his Individual and Official Capacity, | ) ) ) ) **PLAINTIFF DEMANDS** ) **JURY TRIAL** ) ) |
| Defendants. | ) |

# COUNT I
42 U.S.C. §1983
(Compensatory Damages)
Defendant Williams and the City of Collinsville

COMES NOW the Plaintiff, CHERYL BROMBOLICH, by and through her undersigned attorneys, and for Count I of her Complaint against Defendants CITY OF COLLINSVILLE, SCOTT WILLIAMS in his Individual and Official Capacity, and MICHAEL TOGNARELLI in his Individual and Official Capacity, states:

1. Plaintiff Cheryl Brombolich lives in Collinsville, Illinois and is a resident and citizen of Madison County, Illinois.

2. Defendant City of Collinsville is a municipality located in Illinois.

3. Defendant Scott Williams lives in Collinsville, Illinois and is a resident and citizen of Illinois.

4. Defendant Michael Tognarelli lives in Collinsville, Illinois and is a resident and citizen of Illinois.

5. Count I is a 42 U.S.C. §1983 claim and presents a federal question; jurisdiction is proper pursuant to 28 U.S.C 1331 and *Monell v. Dept of Soc. Serv.*, 436 U.S. 658 (1978); and venue is proper because Defendant City of Collinsville is located in the geographic jurisdiction of the United States District Court, Southern District of Illinois.

6. Prior to the termination of her employment, Plaintiff was employed by Defendant City of Collinsville.

7. In 2005 Plaintiff was appointed "Deputy Clerk" by Defendant City of Collinsville.

8. In 2008 Plaintiff was appointed and sworn in as City Clerk for the City of Collinsville. Plaintiff served as City Clerk for the City of Collinsville from 2008 until her termination in 2014.

9. At all relevant times Plaintiff met or exceeded all Defendants' reasonable job expectations.

10. Plaintiff's job duties included supervising employees working in the City Clerk's office.

11. At the time of Plaintiff's termination, Defendant Williams was the City Manager for Defendant City of Collinsville.

12. As City Manager, Defendant Williams functioned as the administrative head of the City of Collinsville municipal government and was responsible for administration of all departments and implementation of policy. Williams had final authority to hire and fire employees as well as to appoint or remove unelected officers (65 ILCS 5/5-3-7).

13.   Defendant Williams was Plaintiff's direct supervisor.

14.   In June of 2014, Defendant Williams was made aware of a complaint of sexual harassment and intimidation which involved a member of Plaintiff Brombolich's staff being sexually harassed and intimidated by a department head in the City of Collinsville.  The harassment and intimidation was continuous and included allegations of unwanted sexual advances and unwanted physical touching in addition to threats against family of the individuals who was the target of the unwanted attention.  The department head threatened one employee that "if anyone ever crossed him he would burn their house down and shoot them and their family as they ran out the door."  This threat was repeated to a specific employee.

15.   At the time of the threats and intimidation against one of her staff members, Plaintiff Brombolich was available to assist in the investigation of the claims being made by one of her staff members.

16.   Defendant Williams actively discouraged the complainant from discussing this matter with Plaintiff or with any member of the Collinsville City Council or with the Mayor.

17.   The department head making the unwanted sexual advances was a personal friend of Defendant Williams.

18.   Defendant Williams purported to have made an internal investigation about the accusations of sexual harassment against his friend. The Department Head did not suffer any adverse employment consequence as a result of the accusations and investigation.

19. During the course of these events, Plaintiff became aware of the situation and the circumstances about which one of her employees was being harassed and intimidated.

20. Plaintiff complained to Defendant Williams and City of Collinsville Corporate Counsel Steven Giacoletto about how the matter was being handled.

21. Plaintiff's discussion of the matter was protected speech. Plaintiff's complaint was levied not only as an employee but as a private citizen concerned about a matter of public interest. Additionally, the harassment of public employees by a municipal department head is also a matter of public interest.

22. Plaintiff also had private conversations with the complainant regarding Defendant Williams' handling of the matter. These conversations were also protected speech.

23. In retaliation for Plaintiff's statements, Defendant Williams devised a pretext to humiliate Plaintiff and force her early termination from employment with the City of Collinsville.

24. Defendant Williams became aware that multiple employees were using credit cards issued by the City of Collinsville for personal use. The cards were intended to be used exclusively for City purposes.

25. Plaintiff was among the group of employees who had used the municipal credit card for personal purpose.

26. The common practice regarding personal use of public credit cards at the City of Collinsville was that personal use of public credit cards must be reimbursed by the individual responsible for the charge and that the reimbursement must come from the card user's personal funds.

27. Plaintiff reimbursed the City of Collinsville for her use of the credit card as was the common practice with the City of Collinsville.

28. Plaintiff soon thereafter was suspended from employment with the City of Collinsville.

29. Plaintiff was advised that Williams intended to gratuitously humiliate Plaintiff and ask for her termination before the public at a City of Collinsville City Council meeting. Williams, as City Manager, did not need the consent of the City Counsel to terminate Plaintiff.

30. Plaintiff, who had worked for the City of Collinsville for over 30 years did not wish to resign but feared that the retaliatory conduct would only escalate if she did not.

31. On September 11, 2015, Plaintiff resigned from her employment under duress and out of fear that her character would be placed in a false light if she remained as an employee of the City of Collinsville.

32. No other City of Collinsville employee who was confirmed to have used the municipal credit card for personal use suffered any adverse employment consequence.

33. Defendant Williams' treatment of Plaintiff was in retaliation for Plaintiff engaging in conduct protected by the First Amendment of the United States Constitution. Plaintiff suffered an adverse employment consequence in that she was forced to resign.

34. As a direct and proximate result of Defendant's unlawful termination of Plaintiff's employment, Plaintiff experienced loss of income and suffered emotional distress.

35. Plaintiff's damages for loss of income continue to accrue.

36. Plaintiff is entitled to her attorney's fees pursuant to 43 U.S.C. §1983 and her reasonable costs and expenses in bringing this action.

WHEREFORE Plaintiff respectfully requests that the Court find in her favor and against Defendants City of Collinsville and Scott Williams, and award Plaintiff compensatory damages in excess of $75,000 for lost income, including front pay and back pay, with interest, for her emotional distress, and for Plaintiff's attorneys' fees pursuant to 42 U.S.C. §1983

## COUNT II
42 U.S.C. §1983
(Compensatory Damages)
Defendants Williams, Tognarelli, and the City of Collinsville

1. Plaintiff Cheryl Brombolich lives in Collinsville, Illinois and is a resident and citizen of Madison County, Illinois.

2. Defendant City of Collinsville is a municipality located in Illinois.

3. Defendant Scott Williams lives in Collinsville, Illinois and is a resident and citizen of Illinois.

4. Defendant Michael Tognarelli lives in Collinsville, Illinois an is a resident and citizen of Illinois.

5. Count II is a 42 U.S.C. §1983 claim and presents a federal question; jurisdiction is proper pursuant to 28 U.S.C. 1331 and *Monell v. Dept of Soc. Serv.*, 436 U.S. 658(1978); and venue is proper because Defendant City of Collinsville is located in the geographic jursidiction of the United States District Court, Southern District of Illinois.

6. Plaintiff was terminated from employment with the City of Collinsville on or around September 11, 2015.

7. Plaintiff's termination was retaliatory in nature.

8. During her employment with the City of Collinsville, Plaintiff complained of various acts committed by City Manager Scott Williams which Plaintiff reasonably believed to be unlawful.

9. Plaintiff complained of intimidation and sexual harassment of City of Collinsville employees as described in Count I of this Complaint.

10. Additionally, Plaintiff complained to the Mayor of the City of Collinsville as well as the City of Collinsville Corporate Counsel that she believed that Defendant Williams had unlawfully altered the results of a Civil Service exam for the benefit of one of his friends and to the detriment of a person who scored higher on the civil service exam.

11. Plaintiff's conduct and speech were protected by the First Amendment of the Constitution of the United States of America.

12. Plaintiff was shunned as a whistle blower and terminated.

13. Subsequent to her termination, Plaintiff petitioned to be placed on an election ballot whereby she would be a candidate for the City of Collinsville's City Counsel.

14. At some time after her termination and after her decision to run for election, Defendant Williams began compiling an "investigation file" relating to Plaintiff.

15. The compilation of the "investigation file" was not reasonably related to any of Williams' job duties as City Manager.

16. As City Manager for the City of Collinsville and as the former Chief of Police of the City of Collinsville, Williams had unique access to documents not available to the public.

17. Defendant Williams, acting in his capacity as City Manager, compiled various private documents relating to Plaintiff's public employment and private life.

18. These private documents included but were not limited to Plaintiff's mortgage paperwork, documents relating to Plaintiff's family, as well as investigations conducted by other police agencies which never resulted in any charges against Plaintiff or her family.

19. Several documents relating to Plaintiff's public employment were compiled. These documents were not properly part of any personnel file relating to Plaintiff.

20. At the time Defendant Williams was compiling documents relating to Plaintiff, Plaintiff was a private citizen.

21. At the time Williams was compiling documents relating to Plaintiff, Plaintiff was a candidate for office.

22. Participation in public elections and petitioning to run as a candidate is protected by the First Amendment of the Constitution of the United States of America.

23. Williams' purpose in compiling documents relating to Plaintiff was to publicly humiliate Plaintiff, and to chill participation in public elections by Plaintiff and people Williams deemed unfriendly to Williams.

24. If elected to City Council, Plaintiff would have a vote on whether to allow Williams to continue his employment as City Manager for the City of Collinsville.

25. At the time Williams was compiling documents relating to Plaintiff, Defendant Tognarelli was an elected City Council member for the City of Collinsville.

26. Defendant Tognarelli was also a candidate for the Mayor of the City of Collinsville in the same election in which Plaintiff was a candidate for City Council.

27. Defendant Williams and Defendant Tognarelli worked together for the purpose of compiling and distributing information they gathered in their official capacities as City Manager and City Council member.

28. Both Tognarelli's and Williams' purpose in compiling documents was to discourage citizens they deemed unfriendly to them, and specifically to intimidate Plaintiff from running for office.

29. On April 7, 2015 Plaintiff won her election to City Council.

30. On April 7, 2015 Defendnat Tognarelli lost his election for Mayor.

31. On May 5, 2015, after she was elected but before she was sworn into office, Plaintiff was made aware that Defendant Tognarelli had given a dossier of private documents to a local newspaper. Prior to May 5, 2015 Plaintiff had knowledge that Defendants Williams and Tognarelli were operating to cause her public humiliation.

32. Defendants Tognarelli's and Williams' purpose was to intimidate Plaintiff from taking office after she was duly elected.

33. Defendants Tognarelli's and Williams' purpose was to discourage Plaintiff, and others like Plaintiff, from participating in public elections for public office in violation of the First Amendment of the United States Constitution.

34. Both Defendants Williams and Tognarelli abused their public office for their own personal and political benefit by compiling and distributing private documents relating to Plaintiff.

35. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been unfairly publicly placed in a false light. Plaintiff has experienced loss of income, loss of employment opportunities, and emotional distress.

36. Plaintiff's damages for loss of income continue to accrue.

37. Plaintiff is entitled to her attorney's fees pursuant to 43 U.S.C. §1983 and her reasonable costs and expenses in bringing this action.

WHEREFORE, Plaintiff respectfully requests that the Court find in her favor and against Defendants City of Collinsville, Williams and Tognarelli, and award Plaintiff compensatory damages in excess of $75,000 for lost income, including front pay and back pay with interest, and for her emotional distress, and Plaintiff's attorneys' fees pursuant to 42 U.S.C. §1983.

**COUNT III**
Illinois Common Law Tort
False Light
Defendants Williams and Tognarelli, in their individual capacities
Pendant Jurisditiction

1. Plaintiff Cheryl Brombolich lives in Collinsville, Illinois and is a resident and citizen of Madison County, Illinois.

2. Defendant Scott Williams lives in Collinsville, Illinois and is a resident and citizen of Illinois.

3. Defendant Michael Tognarelli lives in Collinsville, Illinois and is a resident and citizen of Illinois.

4. At all relevant times Defendants Tonarelli and Williams were officers or employees of the City of Collinsville.

5. At all relevant times Scott Williams was the City Manager of the City of Collinsville.

6. At all relevant times Michael Tognarelli was an elected City Council Member of the City of Collinsville.

7. At all relevant times, Cheryl Brombolich was a private citizen and candidate for City Council or an elected member of City Council for the City of Collinsville, and a former employee of the City of Collinsville.

8. Defendant Scott Williams, as City Manager of Collinsville served in that capacity at the pleasure of the City Council of the City of Collinsville. His employment was contractual and subject to renewal by vote of the City Council.

9. Defendant Mike Tognarelli voted to hire Defendant Williams as City Manager.

10. Mike Tognarelli was also a candidate for Mayor of the City of Collinsville in the April 7, 2015 election. Tognarelli had to forego candidacy to run for City Council in order to run for Mayor.

11. Defendant Williams' contract for employment as City Manager was subject to review and renewal or termination in the months right after the April 7, 2015 election.

12. Defendants Williams and Tognarelli believed that Plaintiff would not vote in favor of renewing Williams' employment contract.

13. Defendants Williams and Tognarelli sought to discredit Plaintiff by placing her in a false light.

14. Defendants Williams and Tognarelli worked in concert to compile and publish private facts about Plaintiff or the purpose of putting Plaintiff in a false light.

15.     Defendant Williams, at Defendant Tognarelli's behest, misused his position as City Manager of Collinsville to gather and compile private data both related to her former employment with the City of Collinsville and unrelated to her employment with the City of Collinsville.

16.     The documents were compiled subsequent to Plaintiff's termination of employment with the City of Collinsville. There was no public purpose related to Williams compiling the documents.

17.     Defendant Williams selected private documents for the deliberate purpose of portraying the Plaintiff publicly in a false light. *e.g.* Defendant Williams included documents relating to Plaintiff's use of a municipal credit card but intentionally excluded from the compilation any documents relating to other employees who also used municipal credit cards in the same time period as Plaintiff.

18.     The disclosure of such documents would put Plaintiff in a false light which a reasonable person would find highly offensive or embarrassing.

19.     Defendant Williams acted with actual malice by selecting and curating only the most unflattering and private documents relating to Plaintiff. Defendant Williams compiled these documents for disclosure with knowledge that the documents would unavoidably place Plaintiff in a false light. Such a compilation of documents was not reasonably related to any of Defendant Williams' job duties as City Manager.

20.     At some time prior to May 5, 2015, Williams provided Defendant Tognarelli with copies of the documents Williams had compiled.

21.     Defendant Tognarelli had no legal basis for taking possession of any files relating to any current or past employee of the City of Collinsville. Under the City Management form of Municipal Government in Illinois, a City Council member and

Mayor's role is purely legislative. Defendant Tognarelli had no reason to participate in any way with the handling of any personnel matter.

22. Defendant Tognarelli was advised by City of Collinsville Corporate Counsel not to share the documents provided to him with anyone.

23. At some time prior to May 5, 2015, and in contravention of legal advice and in contravention of commonly held standards of decency and integrity, Defendant Michael Tognarelli provide the documents to a reporter for a local newspaper.

24. Defendant Tognarelli, by publishing these documents to a third party, knowingly and intentionally placed Plaintiff publicly in a false light.

25. On or around May 5, 2015, Plaintiff was informed by counsel of the documents and the publication of same.

26. Plaintiff knew the documents were designed to portray her in a false light which she immediately found, and continues to find, highly offensive and embarrassing.

27. Defendant Tognarelli had no legal basis for possessing the documents he published. His actions comprised actual malice. Tognarelli intentionally published the information with reckless disregard for the truth and for the sole and malicious purpose of harming the Plaintiff.

28. As a result of Defendants Williams' and Tognarelli's actions, Plaintiff has been subject to misleading newspaper articles, editorials, and social media attacks which any reasonable person would find highly offensive or embarrassing.

29. As a result of Defendants Williams' and Tognarelli's actions, Plaintiff has suffered severe emotional distress, public embarrassment, and unfair and unwarranted damage to her public reputation.

30. Plaintiff is entitled to compensation from Defendants' Williams and Tognarelli, jointly and severally, in an amount not less than $75,000.

31. Defendants' conduct was willful and wanton. Defendants' conduct was intentional and malicious. Plaintiff is entitled to receive punitive damages from Defendants Williams and Tognarelli, jointly and severally, in an amount this Court deems proper.

WHEREFORE Plaintiff respectfully requests that the Court find in her favor and against Defendants Williams and Tognarelli, jointly and severally, and award Plaintiff compensatory damages in excess of $75,000, and punitive damages this Court deems proper to punish the Defendants and to discourage other public officials from abusing public office for personal purposes.

CHERYL BROMBOLICH

By: */s/ Jack R. Daugherty*
Jack R. Daugherty (#6229106)
Law Office of Jack Daugherty P.C.
112 Front Street
Alton, IL 62002
Phone: 618-462-9160
Fax: 618-462-9167
jack@jackdaughertylaw.com

Lee W. Barron (#6195132)
Lee W. Barron, P.C.
112 Front Street
Alton, IL 62002
Phone: 618-462-9160
Fax: 618-462-9167
Lee@leebarronlaw.com

ATTORNEYS FOR PLAINTIFF